No. 9360.

R. S. CHARLES FOR USE ETC. VS. BOARD OF LIQUIDATION.

A devolutive appeal taken by a warrant or a bond holder under Act 11 of Extra Session of 1875, requiring the action of the Supreme Court on all warrants or bonds the validity of which is questioned as a prerequisite to the funding of such warrant or bond, must be governed by Article 593, Code of Practice, which denies the right of appeal, if a year has expired since the date of the final judgment.

Charles vs. Board of Liquidation.

The Supreme Court has no jurisdiction in such matters, but by appeal—which must be brought by the party who has recovered judgment, if the defendant Board refuses or neglects to appeal.

An appeal in such a proceeding, taken after a year has expired from final judgment, will be dismissed.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot*, J.

*Farrar* & *Simonds* for Plaintiffs and Appellants.

*M. J. Cunningham*, Attorney General, for Defendant and Appellee.

The opinion of the Court was delivered by

POCHÉ, J. Final judgment was rendered in this case on November 7, 1883, and the present appeal was taken on January 26, 1885. Hence the attorney general properly contends that the appeal was taken too late and that it should be dismisssed.

This proceeding was instituted under the provisions of Act No. 11 of the Extra Session of the Legislature of 1875, which requires that the validity of all warrants and bonds, whenever the same is questioned, shall be determined by the Supreme Court as a prerequisite to a legal exchange of the same by the Board of Liquidation, created under Act No. 3 of 1874, for bonds authorized to be issued by said Board.

The object of this appeal is to submit to the final action of this court a decree of the district court recognizing the validity of the warrant sued on by plaintiff. His counsel contend that as this appeal is taken by appellant from a judgment in his favor, the provisions of Article 593 of the Code of Practice denying the right of appeal after a year has expired to be computed from the day that final judgment was rendered, do not apply to appeals under the provisions of the Act of 1875 hereinabove referred to.

It is true, as they contend, that the act does not specify the time within which the matter must be brought before the Supreme Court; hence it appears to our minds that such proceedings were intended by the law-maker to be governed by existing laws on the subject.

The jurisdiction of this court over all matters must emanate from the Constitution. In such matters, this court has no other but an appellate jurisdiction, hence the only mode of testing the validity of the warrant held by plaintiff is by means of an appeal.

This is conceded by him, for a devolutive appeal was the remedy which he has invoked ; and he should have complied with the only law which regulates that kind of appeals.

12

The act provides no other mode; hence we intimated in the case of the State ex rel. Meyers vs. Board, 33 Ann. 126 that the requirement of the act would necessitate an appeal by the very party in whose favor judgment had been rendered below, in case the Board did not appeal. The argument that time does not enter as an essence in the validity of such appeal finds no sanction in a proper construction of the act.

It contains the following provision: "In order to facilitate and bring to a speedy determination, all matters in controversy, as provided for in this act, every suit hereby instituted shall have precedence in all courts over all other cases, and to be fixed by motion of either party; the day of trial to be named in the motion, and all other cases fixed for the day named in the motion, fixing such cases for trial to give way thereto."

Language so explicit, and indicating so clearly the intention of the law-maker to speedily dispose of all such controversies, unmistakably discards the idea that he could have contemplated an extension of the time fixed for taking devolutive appeals.

We are not concerned with the fate of the warrant or with the legal status of the judgment rendered in its favor by the district court.

We are only applying the inevitable legal consequences which attach to plaintiff's own laches.

The appeal taken herein is therefore dismissed at plaintiff's costs.